# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OMOLARE R. OLABODE<br>GERALD KELLY,<br><br>Plaintiffs,<br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 15-cv-10146 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Caliber Home Loans, Inc. ("Caliber"), by and through its counsel, Day Pitney LLP ("Day Pitney"), and pursuant to Chapter 28, Sections 1332, 1441 and 1446 of the United States Code, hereby removes the civil action pending in the Trial Court of Massachusetts, Superior Court Department, Suffolk County, as case number SUCV2014-04098 (the "State Court Action"), and all claims and causes of action therein, to the United States District Court, District of Massachusetts. The grounds for removal are as follows:

### Service

1.  Plaintiffs Omolare R. Olabode and Gerald Kelly (jointly, the "Plaintiffs") initiated the State Court Action by filing a Complaint and Application for an Emergency Motion for Preliminary Injunction on or about December 30, 2014, to stay the foreclosure of the property located at 31-33 Burgoyne Street, Dorchester, Massachusetts (the "Property") that was scheduled to take place on January 6, 2015.

2.  Defendant received its first notice of the Complaint on January 2, 2015, when Plaintiffs served Defendant's prior counsel of record, Doonan, Graves & Longoria, LLC, with a

copy of the Summons, Complaint, Civil Action Cover Sheet, Emergency Motion for Preliminary Injunction, and Memorandum of Law In Support of Her Motion for Preliminary Injunction.

3. Day Pitney filed a notice of appearance on behalf of Caliber in the State Court Action on January 5, 2015.

4. The Parties jointly filed an Assented Motion Continuing Hearing on Emergency Motion for Preliminary Injunction and Extending Time to File Responsive Pleadings in the State Court Action on January 5, 2015.

5. A Notice to Appear for Rescheduled Motion Hearing was entered by the State Court on January 8, 2015 and is scheduled to be heard on February 5, 2015 at 2:00 PM.

6. This Notice of Removal was timely filed in this Court on January 21, 2015.

## Pleadings and Notice to State Court

7. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Caliber in the State Court Action are attached to this Notice as Exhibit A.

8. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon Plaintiffs' counsel and promptly filed with the Clerk of the Trial Court of Massachusetts, Superior Court Department, Suffolk County.

9. Pursuant to Rule 81.1(a) of the Local Rules, within twenty-eight (28) days after filing this Notice of Removal, Caliber will file with this Court certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

## Timeliness of Removal

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, because it was filed within thirty (30) days of Defendant being served with the State Court Action.

11. No prior removal of this action has been attempted.

### Statement of Grounds for Removal

12. This action is within the jurisdiction of the United States District Court, District of Massachusetts pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." *See* 28 U.S.C. § 1332(a)(l).

13. The action is removable because it is a civil action involving a matter in controversy exceeding the sum or value of $75,000.00 and the parties are citizens of different states under 28 U.S.C. § 1332.

### Venue is Proper in This District

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because this Court is the "district court of the United States for the district and division embracing" Suffolk County, Massachusetts, the place where the State Court Action is pending.

### The Parties are Citizens of Different States

15. Plaintiff Omolare R. Olabode represented in his Verified Complaint that he resides at 1 Timberlane, Natick, Massachusetts (Compl. at ¶ 2).

16. Plaintiff Gerald Kelly represented in his Verified Complaint that he resides at 31-33 Burgoyne Street, Dorchester, Massachusetts (Compl. at ¶ 1).

17. Caliber is a corporation organized under the laws of the State of Delaware with its headquarters at 3701 Regent Boulevard, Suite 200, Irving, Texas 75063. *See* Exhibit B (a true and correct copy of the Certificate of Amendment of Amended and Restated Certificate of Incorporation of Vericrest Financial, Inc. is attached hereto.)

18. Caliber is the Successor to Vericrest Financial Services, Inc. *See* Exhibit B.

19. The essence of the controversy in the instant matter is the claim made by Plaintiffs that Caliber is proceeding with a wrongful foreclosure of the mortgage given by Omolare R. Olabode to Bank of America, N.A., dated October 14, 2005, and recorded with the Suffolk County Registry of Deeds in Book 38288, Page 13 (the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto.)

20. The Mortgage was assigned to Vericrest Financial, Inc., by virtue of an assignment dated December 21, 2012 and recorded in Book 50800, Page 39.

**Amount in Controversy Exceeds the $75,000.00 Jurisdictional Threshold**

21. The amount of controversy meets the jurisdictional threshold because the Mortgage, the unpaid balance of the Mortgage, and the assessed values of the Property each independently satisfy the $75,000.00 jurisdictional minimum.

22. The unpaid principal balance of the Mortgage is three hundred sixty thousand one hundred eighty six dollars and sixty cents ($360,186.60), as of December 2, 2014.

23. The Mortgage, dated October 14, 2005, is for three hundred seventy five thousand five hundred dollars ($375,500.00) plus interest. *See* Exhibit C.

24. The Real Estate Assessments and Taxes Online Database for the City of Boston values the Property at three hundred seventy seven thousand four hundred dollars ($377,400.00) as of January 1, 2014. *See* Exhibit D (a true and correct copy of the January 1, 2014 City of Boston Assessment is attached hereto.)

25. Plaintiff Olabode's 2014 bankruptcy schedules, a public record, declare the value of the Property as three hundred forty nine thousand dollars ($349,000.00). *See* Exhibit E (a true

and correct copy of Plaintiff Olabode's bankruptcy petition filed on November 13, 2014 is attached hereto.)

26. Where the plaintiff seeks equitable relief, the amount in controversy is measured by the value of the object at issue. *Issokson v. One West Bank, FSB*, 2013 U.S. Dist. LEXIS 2729, at *5-6 (D. Mass. Jan. 8, 2013).

27. In a foreclosure action, the object of the litigation is the property. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1983) (explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from selling this property," the object of the litigation was the property); *Reye v. Wells Fargo Bank, N.A.*, 2010 WL 262985, at *4 (N.D. Cal. June 29, 2010) (stating that "if the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation").

28. In this action, the fair market value of the Property satisfies the amount in controversy requirement. In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *See Morse v. Residential Credit Solutions, Inc.*, 2012 U.S. Dist. LEXIS 17324, at * 2 (D. Mass. Feb. 13, 2012) (holding that bankruptcy schedules that declare the value of the mortgaged property are indications of the fair market value of the property which can satisfy the amount in controversy requirement); *Barbosa v. Wells Fargo Bank*, N.A., 2013 U.S. Dist. LEXIS 114135, at *12-132 (D. Mass. Aug. 13, 2013) (holding, in part, that the appraisal of the property is an indication of the value of the property).

29. In this action, the face value of the Mortgage for the Property satisfies the amount in controversy requirement. As the First Circuit has held, the face value of a mortgage in a

foreclosure matter is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.  *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding that "the face-value-of-the-loan, of course, has the advantage of perfect simplicity . . . and unlike a rule based on the amount already paid or the balance still due, the face-value-of-the-loan approach cannot be manipulated through strategic timing of filing"); *see Barbosa*, 2013 U.S. Dist. LEXIS 114135, at *12-13 (holding, in part, that the original amount of the mortgage is an indication of the fair market value of the property).

30.     In this action, the unpaid principal balance of the Mortgage satisfies the amount in controversy requirement.  This Court has held that the amount owed under the loan is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction.  *Morse*, 2012 U.S. Dist. LEXIS 17324, at * 2; *see Garland v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 1684424, at *1-3 (D. Minn. Jun. 16, 2009) (holding, in part, that in a foreclosure the amount in controversy is the underlying debt of the property).

**WHEREFORE**, Defendant Caliber Home Loans, Inc. respectfully removes the State Court Action to this Court.

Respectfully submitted,

**CALIBER HOME LOANS, INC.**.

By its attorneys,

DATED:	January 21, 2015	/s/ Michael P. Mullins
Michael P. Mullins
BBO #665123
mmullins@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02110
Tel.   (617) 345-4776

Jaime Bachrach
BBO #643642
jbachrach@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.   (860) 275-0650

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non registered participants on January 21, 2015.

/s/ Michael P. Mullins
Michael P. Mullins
