UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OMOLARE R. OLABODE and | * | |
| GERALD KELLY, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10146-ADB |
| | * | |
| CALIBER HOME LOANS, INC., | * | |
| | * | |
| Defendants. | * | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

July 8, 2015

BURROUGHS, D.J.

Plaintiffs Omolare R. Olabode and Gerald Kelly ("Plaintiffs") challenge an attempted mortgage foreclosure on a residence in Dorchester, Massachusetts. Plaintiffs originally filed their complaint in Suffolk Superior Court. The Defendant, Caliber Home Loans, Inc. ("Caliber") removed the action to this Court on January 21, 2015, based on diversity of citizenship. See 28 U.S.C. § 1332. Presently before the Court is Caliber's Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Caliber's Motion is denied, and the Court will permit the parties to engage in limited discovery.

## I.    THE COMPLAINT'S FACTUAL ALLEGATIONS

The operative complaint in this matter was filed in Suffolk Superior Court on December 31, 2014 [See ECF No. 11, State Court Record pp. 3-83 ("Complaint")]. Plaintiffs' Complaint alleges the following relevant facts, which the Court accepts as true for purposes of this Motion.[1]

---

[1] Where applicable, the Court also considers matters appearing in the exhibits attached to Plaintiffs' Complaint. See Hannigan v. Bank of Am., N.A., 48 F.Supp.3d 135, 140 (D. Mass. 2014) (A court may consider documents attached to or incorporated in the complaint on a motion to dismiss).

Plaintiff Olabode is the original mortgagor and borrower on the mortgage loan at issue. She currently resides in Middlesex County, Massachusetts [Complaint ¶ 2]. On October 14, 2005, Olabode executed a promissory note made payable to Bank of America, N.A. ("BoA") in the amount of $375,000 (the "Note") [Id. ¶ 4]. To secure the Note, Olabode executed a mortgage on a property located at 31-33 Burgoyne Street, Dorchester, Massachusetts (the "Property"), naming BoA as mortgagee [Id. ¶ 5]. The documents attached to Plaintiffs' Complaint suggest that the Mortgage was executed on October 14, 2005 and recorded at the Registry of Deeds on October 19, 2005 [Complaint Exhibit B].

Critical to Plaintiffs' claims is their allegation that "shortly after the origination of [Olabode's] loan, [BoA] immediately divested ownership of this loan for sale into the 'secondary mortgage market.'" [Complaint ¶ 6]. Plaintiffs further allege that, after the sale of the Note, BoA remained the third-party servicer for the new Note owner [Id.]. Plaintiffs do not allege to whom the Note was purportedly sold. Plaintiffs have attached a copy of the Note to their Complaint, which suggests that the Note has two Allonges – both dated October 14, 2005 [Complaint Exhibit A]. The first Allonge purports to endorse the Note as payable to the order of Vericrest Financial, Inc., without recourse, by "Bank of America, N.A., by Vericrest Financial, Inc." [Id.]. The second Allonge appears to endorse the Note in blank, without recourse, by Vericrest Financial, Inc. [Id.].

The Mortgage securing the Note was also purportedly assigned to Vericrest although Plaintiffs contest the validity of this assignment [Complaint ¶ 8]. Documents attached to the Complaint suggest that on December 21, 2012, a BoA representative executed an Assignment purportedly assigning the Mortgage to Vericrest Financial, Inc. [Id.; see also Complaint Exhibit D]. The Assignment recites that the note or notes referred to in the Mortgage were also being

assigned to Vericrest Financial, Inc. [Complaint Exhibit D]. However, Plaintiffs allege that when BoA executed this Assignment, BoA was merely acting in the capacity of a third party servicer for the true Note owner [Complaint ¶ 9].

Sometime after the December 21, 2012 Assignment to Vericrest Financial, Inc., Vericrest Financial, Inc. was acquired by Defendant Caliber Home Loans, Inc.[2] [Id. ¶ 11].

More than a year later, on January 31, 2014, Caliber sent Olabode a "Certification Pursuant to Massachusetts 209 CMR 18.21A(2)(c)," which recited that Olabode had defaulted on the terms of the Note, and advised Olabode that Caliber planned to foreclose on the mortgaged Property, pursuant to a notice of sale [Complaint ¶¶ 34, 59 & Exhibit F]. The Certification further stated that that "Caliber Home Loans, Inc. services the mortgage loan on the property," and separately, that "[t]he promissory note is currently owned by Caliber Home Loans, Inc., [formerly known as] Vericrest Financial, Inc.," and that "Caliber Home Loans, Inc., the servicer and authorized agent, is in possession of the note or otherwise has the authority to enforce payment and pursue foreclosure of the mortgaged property on behalf of the owner." [Complaint Exhibit F].

On April 10, 2014, a Caliber Default Service Officer named Daniel McCelland made an Affidavit Regarding Note Secured By A Mortgage To Be Foreclosed ("McCelland Affidavit"), which was recorded on May 6, 2014 [Complaint Exhibit E].[3] The McCelland Affidavit identified

---

[2] Caliber has asserted in its Notice of Removal that it is the "successor" to Vericrest Financial Services, Inc., and that it is a Delaware corporation with headquarters in Irving, Texas [Notice of Removal ¶¶ 17-18, ECF No. 1].

[3] This Affidavit appears to have been made in an effort to comply with G.L. c. 244, §§ 35B and 35C. Section 35C states that "[a] creditor shall not cause publication of notice of foreclosure ... when the creditor knows that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder . . . ." G.L. c. 244,  35C(b). Section 35B states that a creditor shall not cause publication of a notice foreclosure sale "unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure." G.L. c. 244, § 35B(b). Both statutes require

the Property, the Mortgage, and further identified the "Foreclosing Entity" as Caliber Home

Loans, Inc. In the Affidavit, McCelland certified that based upon his review of the business

records of Caliber Home Loans, Inc., he believed that the requirements of G.L. c. 244, § 35B

were met [Id.].  McCelland further stated that "[o]n this date the Foreclosing Entity is:" and he

selected a box marked "the **authorized agent of the holder of said promissory note,** for

purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder." [Id.] (emphasis

in original).  Notably, McCelland did *not* select another box on the form which was marked "the

**holder of the promissory note** secured by the above mortgage." [Id.] (emphasis in original).

Viewing this fact in the light most favorable to Plaintiffs, the McCelland Affidavit may suggest

that Caliber was foreclosing as the servicing agent, and was not the actual holder of the Note.

On October 21, 2014, Caliber's attorney sent Olabode a Notice of Intent to Foreclose

Mortgage, notifying her that a foreclosure auction was scheduled for November 14, 2014

[Complaint ¶ 37 & Exhibit G]. On November 4, 2014, Olabode allegedly transferred title to the

Property to Plaintiff Gerald Kelly by way of a quit claim deed [Complaint ¶ 38].[4]  The deed was

recorded at the registry on November 6, 2014 [Complaint Exhibit H]. The scheduled foreclosure

auction has been postponed several times by mutual agreement of the parties.

## II.     PROCEDURAL HISTORY AND ADDITIONAL SUBMISSIONS

Based on the facts alleged above, Plaintiffs seek a declaratory judgment holding that

Caliber lacks authority to enforce the power of sale and foreclose on the property pursuant to

---

creditors, before issuing a notice of foreclosure sale, to make and record an affidavit confirming
compliance. See G.L. c. 244 § 35B(f) & § 35C(b).

[4] Gerald Kelly is also alleged to be a citizen of Massachusetts [Complaint ¶ 1].

G.L. c. 244, § 14.[5] More specifically, Plaintiffs allege that Caliber has failed to establish that it is a "mortgagee" as the term is used in G.L. c. 244, § 14 [Complaint ¶ 57].

After removing this action to federal court, Caliber filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 12]. Caliber argues that the factual basis for Plaintiffs' claims (that Caliber is not the holder of the Note) is "contradicted and negated by" the documents attached to Plaintiffs' Complaint [Id. ¶¶ 10-11]. Those documents, Caliber argues, demonstrate that both the Note and the Mortgage were validly assigned Vericrest Financial, Inc. (which later changed its name to Caliber).

Plaintiffs filed an Opposition to Caliber's Motion [ECF No. 15], and the Court scheduled the Motion for a hearing. Prior to the hearing, the Court notified the parties that it would consider converting Caliber's Motion to Dismiss into a Motion for Summary Judgment, if warranted by further submissions. The Court invited the parties to submit supplemental materials and ordered Caliber to produce the original Note for inspection at the time of the hearing [ECF No. 27].

In advance of the hearing, Caliber filed an Affidavit of Jesse Mendez, its Default Servicing Officer, in further support of Caliber's Motion to Dismiss [ECF No. 32]. The Mendez Affidavit asserts, *inter alia*, that Caliber is both the owner and the holder of Olabode's Promissory Note, as well as the mortgagee of record [Id. ¶¶ 5-6]. Mendez further explains that "Caliber is in the business of both owning and servicing mortgage loans," but that in this particular case, Caliber is the holder, owner, and servicer of the Note in question [Id. ¶ 7].

---

[5] Massachusetts General Laws Chapter 244, Section 14 pertains to the foreclosure of mortgages by the exercise of the power of sale. See Eaton v. Federal Nat'l Mortg. Ass'n, 462 Mass. 569, 581 (2012). It specifically provides that the "mortgagee" may, "upon breach of condition and without action, perform all acts authorized or required by the power of sale," assuming that notice is given and other conditions are satisfied. See G.L. c. 244, § 14.

At the hearing on May 14, 2015, Caliber produced the original Note for Plaintiffs' counsel's inspection [See Transcript of Proceedings, ECF No. 38 pp. 29-33]. After reviewing the Note, however, Plaintiffs' counsel pointed out that it was missing the two October 14, 2005 Allonges previously attached to Plaintiffs' copy of the Note, which they filed along with their Complaint [Id. p. 32; see Complaint Exhibit A]. Those Allonges purported to endorse the Note, first to Vericrest Financial, Inc., and then in blank, presumably to the holder.

At the May 14th hearing, counsel for Caliber also represented that, to the best of his knowledge, there was no other entity or third party with an interest in the Note or Mortgage in question [ECF No. 38 p. 24]. Several days later, however, counsel for Caliber filed a letter with the Court clarifying his prior statement [ECF No. 37]. Counsel explained that after making further inquiries of Caliber, he learned that the Federal Home Loan Mortgage Corporation ("Freddie Mac") was the "investor" on the loan secured by the Mortgage in this case [Id.]. Counsel further advised that, as the investor, Freddie Mac "may (but will not necessarily) take ownership of the property after the subject property has been sold at a foreclosure sale." [Id.]. In his letter, counsel for Caliber argued that this fact "does not change the legal issue or analysis before the Court," because Freddie Mac's "eventual ownership of the property is distinct from the current ownership of the Note and Mortgage." [Id.].

On May 28, 2015, the parties each filed a supplemental brief in support of their respective positions [ECF Nos. 40-41]. For the reasons that follow, the Court declines to convert Caliber's Motion to Dismiss into a Motion for Summary Judgment. Further, although Caliber's Motion to Dismiss will be denied, the Court will permit the parties to engage in only limited discovery to determine whether or not Caliber is indeed the current legal holder of the Note in question.

### III.    ANALYSIS

#### A.  Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Although detailed factual allegations are not required, a pleading must set forth "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. To avoid dismissal, a Complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). And, taken together, the facts alleged must be sufficient to "'state a claim to relief that is plausible on its face.'" A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

As the First Circuit has noted, "[t]he plausibility standard invites a two-step pavane." Id. "At the first step, the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales–Cruz v. University of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "At the second step, the court must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotations and citation omitted). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v.

Department of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010). "Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotations and citation omitted).

**B.  Conversion to Summary Judgment Under Rule 12(d)**

Although a court may not consider documents or submissions outside the pleadings on a motion to dismiss, in some circumstances, "waiting until after discovery is over to dispose of a claim on summary judgment is an asinine exercise, if defendants possess some document that could help a court do so earlier on in the life of a case." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014). Accordingly, pursuant to Fed. R. Civ. P. 12(d), the court may convert a defendant's motion to dismiss to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). After considering the additional materials submitted by Caliber (namely, the physical Note itself, produced at the hearing, and the Mendez Affidavit), the Court finds that they are not sufficient to warrant conversion of Caliber's Motion to Dismiss to a Motion for Summary Judgment, because these materials do not definitively resolve the question of Caliber's ownership of the Note. If anything, Caliber's submissions suggest that there may be a factual dispute over the ownership of the Note in question, and they raise the possibility of third-party interests in the Note. Consequently, the Court declines to convert Caliber's Motion to Dismiss into a motion for summary judgment, and the additional materials submitted by Caliber will not be considered in analyzing the sufficiency of the Plaintiff's Complaint for purposes of Rule 12(b)(6). The Court will limit itself to the four corners of Plaintiffs' Complaint and the documents referenced therein.

### C.  The Complaint Withstands Scrutiny under Rule 12(b)(6)

Plaintiffs' primary goal in this action is to prevent, or at least forestall, Caliber's foreclosure on the Property in question. Although the Complaint is somewhat difficult to understand, it has become clear through oral argument and additional briefing that Plaintiffs' primary argument is that Caliber lacks standing to foreclose, because Caliber is not the current holder of Olabode's promissory Note. Assuming that is true, Plaintiffs would state a viable cause of action. In Eaton v. Federal National Mortgage Association, 462 Mass. 569 (2012), the Massachusetts Supreme Judicial Court held that the term "mortgagee," as used in state foreclosure statutes like G.L. c. 244, § 14, refers to a person or entity that not only holds legal title to the mortgage, but also holds the underlying note, or acts as the authorized agent of the party holding the note. 452 Mass. at 584. In other words, a mortgagee cannot foreclose unless and until it is both the mortgagee of record, and the holder of the mortgage note (or the authorized agent of the holder). Id.

Here, Plaintiffs allege that the Note was sold into the secondary market immediately after origination; that Caliber is not the current holder of the Note; and that it is acting as a mere servicer for the true Note owner. Although the facts supporting this theory are exceedingly thin, Plaintiffs' Complaint and its attached exhibits contain just enough to "nudge the claim 'across the line from conceivable to plausible." Cardigan Mountain Sch. v. New Hampshire Ins. Co., 787 F.3d 82, 88 (1st Cir. 2015) (quoting Twombly, 550 U.S. at 570). Although Caliber argues that Plaintiffs' allegations are "negated by the express terms of the documents that are attached to the Complaint," those documents do, in fact, contain some ambiguities. First, the McCelland Affidavit, taken in the light most favorable to the non-moving party, could suggest that Caliber is not the current holder of the promissory note [See Complaint Exhibit E]. Although this

ambiguity could be (and probably is) nothing more than an unfortunate scrivener's error, the Court is obligated to draw all reasonable inferences in favor of Plaintiffs. Second, there appear to be lingering questions regarding the Note's chain of assignment(s), and the effect of the two Allonges, which were not produced at the time of the hearing. Third, Caliber's counsel has disclosed the identity of a third party investor who "may (but will not necessarily) take ownership of the property after the subject property has been sold at a foreclosure sale." Although the presence of a third-party investor does not necessarily mean that Caliber is not the current holder of the Note, this is a nuance that Plaintiffs are entitled to explore in discovery. In sum, the chain of assignments is not, as Caliber asserts, clear and incontrovertible. Because a complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), Plaintiffs have alleged sufficient facts to survive a motion to dismiss. Therefore, Caliber's Motion to Dismiss Plaintiffs' Complaint is DENIED.

The Court, however, is not inclined to allow broad discovery in this matter. Plaintiffs' Complaint is hanging on by a thin thread—namely, the allegation that Caliber is not the legal holder of the Note. Therefore, as discussed at the May 14th hearing on Caliber's Motion to dismiss, Plaintiffs may proceed with limited discovery on that issue, as follows:

- The parties shall exchange initial disclosures no later than July 17, 2015.

- Plaintiffs may propound no more than ten (10) interrogatories upon Defendant.

- Plaintiffs may take the Defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and Defendant may, if necessary, depose the Plaintiffs.

- All discovery shall be completed by September 25, 2015, and no additional discovery will be permitted without leave of court.

- All dispositive motions, including motions for summary judgment, shall be filed no later than October 16, 2015. Oppositions shall be filed no later than November 10, 2015, and Replies, if any, shall be filed by November 20, 2015.

**SO ORDERED.**

Dated: July 8, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE