**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OMOLARE R. OLABODE )<br>GERALD KELLY, )<br> )<br>        Plaintiffs, )<br>v. )<br> )<br>CALIBER HOME LOANS, INC., )<br> )<br>        Defendant. )<br> ) | CIVIL ACTION NO. 15-cv-10146 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**CALIBER HOME LOANS, INC.'S MOTION FOR SUMMARY JUDGMENT**

Caliber Home Loans, Inc. ("Caliber") respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

## I.   PRELIMINARY STATEMENT

This action was commenced by Plaintiffs in response to a non-judicial foreclosure pursuant to Massachusetts General Laws ch. 244, § 14.  Caliber, as the holder of the promissory note and mortgage executed by Plaintiff Omolare R. Olabode ("Borrower" or "Olabode"),[1] initiated the foreclosure after Borrower defaulted on a loan by failing to make the required monthly payments. ¶ 6.[2]  Borrower has attempted to frustrate Caliber's ability to exercise its rights by transferring title to the property pledged as security to the co-plaintiff, Gerald Kelly ("Kelly"),[3] by filing a bankruptcy petition (that was eventually dismissed),[4] and most recently

---

[1] Plaintiffs' Complaint lists the borrower's first name as Omolare, although the loan documents attached as exhibits to the Complaint list the spelling as Omolara.  Therefore, all references to "Olabode" made by Caliber incorporate both Plaintiff's spellings, Omolare R. Olabode and Omolara R. Olabode.

[2] Unless otherwise set forth herein, all paragraph references are to Caliber's accompanying Statement of Undisputed Material Facts made pursuant to Local R. Civ. P. 56.1.

[3] ¶ 7.
[4] ¶ 8.

by filing this action.  All claims in Plaintiffs' Complaint are based on the underlying allegation that Caliber lacked standing to initiate the foreclosure.  As shown below, there is no genuine issue of material fact relating to Caliber's standing and, therefore, it is entitled to judgment as a matter of law.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Borrower obtained the loan at issue in this case (the "Loan") from Bank of America, N.A. ("BoA") in the amount of $375,500.00, to purchase real property located at 31-33 Burgoyne Street in Dorchester, Massachusetts (the "Property").  ¶¶ 1-2.  In return for the Loan, Borrower signed a note dated October 14, 2005 (the "Note"), promising to re-pay the principal, plus interest, to BoA.  ¶ 2.  When Borrower signed the Note, she agreed to the following provisions:

> I understand that the Lender [BoA] may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the Note Holder.[5]
>
> In addition to the protections given to the Note Holder under the Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date as the Note, protects the Note Holder from possible losses which might result if I [Olabode] do not keep the promises which I make in this Note.

¶ 5.

As security for the Loan, Borrower executed a mortgage (the "Mortgage"), and mortgaged, granted and conveyed the Property to BoA and its "successors and assigns, with power of sale."  ¶ 2.  Under Massachusetts law, the "power of sale" contained in Borrower's Mortgage permits BoA or its assigns to sell the mortgaged property at a public auction upon any

---

[5] ¶¶ 2 and 5.

default by Borrower.[6]

On October 19, 2005, Borrower's Mortgage was recorded in the Suffolk County Registry of Deeds in Book 38288 at Page 13.  ¶ 2.  On December 21, 2012, BoA assigned and transferred the Mortgage "together with the Note" (the "Assignment") to Vericrest Financial, Inc. ("Vericrest").  ¶ 3.  On January 1, 2013, BoA's Assignment of the Mortgage to Vericrest was recorded in the Suffolk County Registry of Deeds in Book 50800 at Page 39. ¶ 3.  Vericrest thereafter changed its name to Caliber.  ¶ 4.  On or about April 9, 2013, Vericrest filed with the Delaware Secretary of State a Certificate of Amendment of Amended and Restated Certification of Incorporation of Vericrest Financial, Inc., changing its name to Caliber Home Loans, Inc. ¶ 4.  Caliber has been in possession of the original Note, which has been endorsed in blank and is a bearer instrument, since before this action was commenced on December 30, 2014.  ¶ 5.

On October 21, 2014, Caliber, through counsel, notified Borrower that the Property would be foreclosed upon pursuant to the power of sale contained in the Mortgage.   ¶ 6.  On November 4, 2014, Borrower attempted to transfer the Property to Kelly by executing a Quitclaim Deed for consideration of a mere $100.00.  ¶ 7.  On November 6, 2014, Borrower's Quitclaim Deed was recorded with the Suffolk County Registry of Deeds.  ¶ 7.

On November 14, 2014, Borrower filed for Chapter 13 bankruptcy under the U.S. Bankruptcy Code (the "Bankruptcy Case").  ¶ 8; see In re Omolara Olabode, United States Bankruptcy Court for the District of Massachusetts, Case No. 14-15322.[7]  Borrower listed the Mortgage and Note on Schedule A of Real Property, where she claimed to be the debtor eligible

---

[6]  See Mass. Gen. Laws ch. 183, § 21.

[7]   In considering a motion for summary judgment, the Court may take judicial notice of documents filed in bankruptcy cases.  Fed. R. Evid. 201; see Town of Lexington v. Pharmacia Corp., 2015 U.S. Dist. LEXIS 36815, at *6 n.2 (D. Mass. Mar. 24, 2015).

for discharge under the Mortgage and Note.  ¶ 8.  Borrower represented to the Bankruptcy Court that she still held title to the Property as of November 14, 2014, although she had recorded a Quit Claim deed just eight (8) days before with the Suffolk County Registry of Deeds.  ¶¶ 7-8. On December 4, 2014, the Bankruptcy Case was dismissed because Borrower failed to file documents timely with the Bankruptcy Court.  ¶ 8.

On December 30, 2014, Borrower and Kelly (collectively, the "Plaintiffs") filed an action in the Superior Court for the Commonwealth of Massachusetts, County of Suffolk.  ¶ 9. Plaintiffs' action was removed to this Court by notice of removal filed January 21, 2015. Document 1 (Notice of Removal).   Subsequently, Caliber moved to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Document 12 (Motion to Dismiss).  The Court denied Caliber's motion to dismiss by Order dated July 8, 2015, noting that "Plaintiffs' Complaint is hanging on by a thin thread— namely, the allegation that Caliber is not the legal holder of the Note," and ordering limited discovery on an accelerated schedule.  Document 43.

Each claim in the Complaint is based on the allegation that Caliber is not the holder of the Mortgage and Note and, therefore, it does not have standing to enforce the terms of the Note or the rights created by the Mortgage or Massachusetts law.  As discussed below, the premise of Plaintiffs' Complaint is wrong.   Caliber is the holder of both the Mortgage and Note. Accordingly, Caliber is entitled to judgment as a matter of law.

## III.    **LEGAL STANDARD**

Summary judgment shall be rendered for a moving party if the court finds that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Exxon Corp v. Esso Worker's Union, Inc., 942 F. Supp. 703, 705 (D.

Mass. 1996).  The initial burden is on the moving party to demonstrate the nonexistence of a genuine issue of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  Once the moving party has made the required showing under Rule 56(c), the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Mitsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); see also Lawton v. State Mut. Life Assurance Co. of America, 101 F.3d 218, 223 (1st Cir. 1996) (nonmovant has obligation to "offer the court more than steamy rhetoric and bare conclusions . . . [it] must produce specific facts, in suitable evidentiary form, sufficient to limn a trial worthy issue").

To defeat a properly supported motion for summary judgment, a factual issue must be both genuine and material.  An issue of fact is not material unless it might affect the outcome of the suit under applicable law.  An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1985).  See also Williams v. Raytheon Co., 45 F. Supp. 2d 124, 128 (D. Mass. 1999).  Thus, summary judgment may not be defeated by factual disputes on collateral issues.  Of course, in deciding whether there is a genuine issue of material fact, courts draw all "justifiable" inferences in favor of the nonmoving party. Anderson, 477 U.S. at 255, 106 S. Ct. at 2513.

## IV.   ARGUMENT

The Complaint asserts three causes of action in support of a single prayer for relief seeking "a declaratory judgment that the Defendant(s) are not current proper party(s) under

Mass. Gen. Laws ch. 244, §14 to utilize the extra-judicial foreclosure process."  Each of the Complaint's three counts depends on the bald and unsupported allegation that Caliber did not have standing as a mortgagee under Mass. Gen. L. ch. 244, § 14 to bring the foreclosure action. As articulated in <u>Eaton v. Fed. Nat'l Mortgage Ass'n</u>, 462 Mass. 569, 571 (2012), a "mortgagee" is "an entity then *holding the mortgage* and also either *holding the mortgage note* or acting on behalf of the note holder." <u>Id.</u> (emphasis added).

Here, as made clear by the exhibits attached to the Complaint and the affidavit submitted in support of this motion, both elements are satisfied.  First, Caliber is the holder of the Mortgage.  On October 14, 2005, Borrower executed the Mortgage in favor of BoA to secure her obligation to repay the Loan.  ¶¶ 1-2.  The Mortgage was duly recorded with registry of deeds.  ¶ 2.  On December 21, 2012, BoA assigned the Mortgage to Vericrest.  ¶ 3.  Vericrest thereafter changed its name to Caliber.  ¶ 4.  Thus, Caliber is the holder of the Mortgage with the right to enforce it under Massachusetts law and pursuant to the holding of <u>Eaton</u>.

Second, Caliber is the holder of the Note.  Pursuant to § 1-201 of the Uniform Commercial Code ("UCC"), a holder is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Mass. Gen. Laws ch. 106 § 1-201(b)(21)(A).  Here, the original Note is endorsed in blank and, therefore, is payable to bearer.  ¶ 5.  Caliber is in possession of the original Note and has been in possession of the original Note since before non-judicial foreclosure proceedings were commenced on October 21, 2014.  ¶ 5.  Courts have regularly recognized that possession of a Note endorsed in blank, a bearer instrument, is incontrovertible evidence of a note holder with authority to exercise any rights the note may provide.  <u>See</u> <u>Monges v. Wells Fargo Bank, N.A.</u>, 2015 U.S. Dist. LEXIS 36045, at *24 (D. Mass. Mar. 3, 2015), adopted by, 2015 U.S. Dist.

LEXIS 36523 (citing Mass. Gen. Laws ch. 106, §§ 3-205(b), 3-109(a)(2)) (holding that defendant was note holder with right to foreclose because it had shown that it has possession of note endorsed in blank, and under UCC "one who possesses a note endorsed in blank is the bearer of the note"); Whitehead v. HMC Assets, LLC, 2014 U.S. Dist. LEXIS 144369, at *14-15 (D. Mass. Oct. 10, 2014) (holding that under Massachusetts law "the bearer of a note indorsed in blank is presumed to be a holder in due course . . . and the court need not trace each step of the note's travel between [assignors] and [assignees]").

Moreover, BoA also assigned all of its interest in the Note through the Assignment. ¶ 3. Specifically, according to the express terms of the Assignment:

> BANK OF AMERICA, N.A., . . . hereby grants, **assigns**, and transfers to Vericrest Financial, Inc 13901 Wireless Way, Oklahoma City, OK 73134 **[a]ll its interest under the certain Mortgage** dated 10/14/05, executed by Omolara Olabode, . . . **[t]ogether with the Note or Notes therein** described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

¶ 3 (emphasis added).  By virtue of Caliber's possession of the Note[8] and the express language of the Assignment, Caliber is the holder of the Note with the right to enforce it.  As the holder of both the Mortgage and Note, Caliber has standing to enforce the note, including the right to pursue the foreclosure as a "mortgagee" under Mass. Gen. Laws ch. 244 § 14 and Eaton.  As a result, because each claim in the Complaint is based on the underlying allegation that Caliber does not have standing, those claims fail and Caliber is entitled to judgment as a matter of law.

---

[8] As this Court has held, possession of a note, especially one endorsed in blank, is compelling evidence that the possessor is a holder in due course for purposes of standing to initiate foreclosure in Massachusetts.  See Whitehead, 2014 U.S. Dist. LEXIS 144369, at *14-15 (citing Parker v. Roberts, 243 Mass. 174, 177 (1922)).  Historically, this Court has granted dispositive motions when a party produces the original note.  See Courtney v. United States Bank, N.A., 922 F. Supp. 2d 171, 174 (D. Mass. 2013); Woods v. Wells Fargo Bank, N.A., 875 F. Supp. 2d 85, 88 (D. Mass. 2012) (citing Mass. Gen. Laws ch. 106, §§ 3-301, 3-3-201) (noting that defendant produced the note at oral argument and that "the note is endorsed in blank—permitting its bearer to exercise any rights the note may provide").

V.       **CONCLUSION**

For the foregoing reasons, there is no genuine issue of material fact relating to Caliber's status as the holder of the Note and Mortgagee, and the party with the right to enforce the Note and Mortgage.  As a result, the Court should grant its motion for summary judgment.

Respectfully submitted,

**CALIBER HOME LOANS, INC.**

By its attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.   (860) 275-0650
tjoneill@daypitney.com

Dated:  October 23, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on October 23, 2015.

/s/ Thomas J. O'Neill
Thomas J. O'Neill