# UNITED STATES DISTRICT COURT
## DISTRICT OF MSSACHUSETTS

CIVIL ACTION NO. 15-cv-10146

|  |  |
|---|---|
| OMOLARE R. OLABODE | ) |
| GERALD  KELLY | ) |
|  | ) |
|  | ) |
| Plaintiffs | ) |
| vs. | ) |
|  | ) |
| CALIBER HOME LOANS, INC., | ) |
|  | ) |
|  | ) |
| Defendant | ) |
|  | ) |

## PLAINTIFFS' CONCISE STATEMENT OF THE MATERIAL FACTS OF RECORD AS TO WHICH THERE EXISTS GENUINE ISSUES TO BE TRIED

Plaintiff Omololare R. Olabode, and Plaintiff Gerald Kelly, (jointly "Plaintiffs") submit their Concise Statement of The Material Facts of Record As To Which There Exist Genuine Issues To Be Tried, pursuant to Local R. Civ. P. 56.1, and in support of their Opposition to Caliber Home Loans, Inc. ("Caliber") Motion for Summary Judgment.

1.       On October 14, 2005, Olomare Olabode ("Borrower") executed a mortgage (the "Mortgage") in favor of Bank of America, N.A. ("BoA").  Affidavit of Ryan Bennett, Default Servicing Officer for Caliber, sworn to October 13, 2015 ("Aff."), ¶ 3,  and Exhibit ("Ex.")                                                                                    1.

Plaintiffs' Response No. 1 With specific regard to the Genuine Issue to Be tried as to Caliber's statement #1, Plaintiffs' point to the fact that that in the purported "Affidavit" submitted by Caliber of one *Ryan Bennett*, where said affiant conspicuously refers ***to only the Plaintiff Olobode   "mortgage" being executed "in favor" of Bank of America, N.A.*** . Mr. Bennett conspicuously omits ***any reference*** Plaintiff Olobode executing *the Note **exclusively*** "in favor" of Bank of America. Plaintiffs' direct the foundational basis for this statement, by

respectfully directing this Court to the May 18, 2015 letter submitted by Caliber's counsel [located upon the docket at Doc. #37], where Caliber states, that it is the "investor on ***the loan***, which is ***secured by the Note and Mortgage***," see Docket at Doc. #37, at p. 1 of 3; see also, Plaintiffs' Motion Under  Fed. R. Civ. P., R. 56(d), at pp. 5-9, and attached Ex. C. Additionally, such position advanced by Plaintiffs related to Caliber's distinction between "***the loan***" and Plaintiffs' Note and Mortgage, of their Motion under R. 56(d). Therefore, there the Plaintiffs state that there remains a triable issue(s) of fact related to Interrogatory 1, as it remains unknown to Plaintiffs, as to the precise, and purported foundational basis, of Caliber's claimed interest of Freddie Mac as "investor" in the "loan" [as opposed to Plaintiffs' Note and Mortgage], or what the term "loan" means in the specific context of Caliber's May 18, 2015 letter. Thus the remaining triable issue extends to what interest Freddie Mac currently has in "underwriting" the Note to Bank of America, at the time Plaintiff Olobode undertook this specific consumer transaction. The preceding inquiry also relates to Caliber's May 18, 2015 letter, where it states that Freddie Mac [not Caliber] will ultimately receive the title from a completed foreclosure sale of Plaintiffs' property, where there is no third party sale. Said inquiry also involves Caliber's statements in its May 18, 2015 letter where it also states that where a third party purchases the property, said proceeds will satisfy "the loan", [which Freddie Mac is the purported interested party, not Caliber] which term's definition is clearly stated in para. 1 of the same letter, which indicates that there is a purported "loan" ***secured by Plaintiffs' Note and Mortgage,*** and thus a completely separate purported transaction than Plaintiffs' consumer mortgage loan.

2.      The Mortgage was recorded with the Suffolk County Registry of Deeds in Book 38288 at Page 13, on October 19, 2005, and was executed to secure the repayment of a loan evidenced by a promissory note dated October 14, 2005, in the amount of $375,000 signed by Borrower (the "Note").  Id. at ¶ 6, Ex. 4.  Pursuant to the terms of the Mortgage, as

security for the Note, Borrower transferred her interest in 31-33 Burgoyne Street, Dorchester, Massachusetts 02124 (the "Property") to BoA and its "successors and assigns, with power of sale." Id. at ¶ 3 ("Transfer Rights in the Property").

Plaintiffs' Response No. 2 With specific regard to the Genuine Issue to Be tried as to Caliber's statement #2,  Plaintiffs' point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest in a "loan" related to Freddie Mac and Bank of America, N.A., *secured by Plaintiffs' Note and Mortgage*. Additionally, given Caliber's statement in its May 18, 2015, letter to this Court, and Caliber's responses to Plaintiffs' Interrogatory at #3 and #5, which indisputably creates the above referenced  distinction between a "loan" and Plaintiffs' Note and Mortgage, where Caliber also purports that Freddie Mac "*underwrote*" the Plaintiff Olabode Note *for* Bank of America as original lender, see Doc. #37, at p.1, and Ex. C to Plaintiffs' Motion under R. 56(d). Thus, Caliber's use of the term of "loan" is intentionally misleading. Therefore, the remaining triable issue(s) of fact related to Interrogatory 2 is/are the precise, and purported foundational basis, of Caliber's claimed interest of Freddie Mac as "investor" in the "loan" [as opposed to Plaintiffs' Note and Mortgage] at the time Plaintiff Olobode undertook this specific consumer transaction.

3.      On December 21, 2012, BoA assigned and transferred the Mortgage to Vericrest Financial, Inc. (the "Assignment") "[t]ogether with the note or notes therein described or referred the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage." Id. at ¶ 4, Ex. 2.  The Assignment of the Mortgage from BoA to Vericrest was recorded with the Suffolk County Registry of Deeds on January 10, 2013, in Book 50800 at Page 39.  Id

Plaintiffs' Response No. 3 With specific regard to the Genuine Issue to Be tried as to Caliber's statement #3,  Plaintiffs' again point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest of Freddie Mac in a ***"loan" secured by Plaintiffs' Note and Mortgage***, or precisely how Freddie Mac "underwrote the Note given to

Plaintiffs by Bank of America", see Caliber responses to Plaintiffs Interrogatories at #3, #5, at Exhibit A of Plaintiffs' Motion under R. 56(d).  Such failure to provide said answers to Plaintiffs' material relevant discovery requests, which were carefully tailored to lead to crucial discoverable information, leaves remaining triable issues related to this interrogatory, and or foundational basis for Plaintiffs' companion Motion under Fed. R. Civ. P., R. 56(d).

4.      On or about April 9, 2013, Vericrest filed with the Delaware Secretary of State Certificate of Amendment of Amended and Restated Certification of Incorporation of Vericrest Financial, Inc., changing its name to Caliber Home Loans, Inc.  Id. at ¶ 5, Ex. 3.

Plaintiffs' Response No. 4 With specific regard to the Genuine Issue to Be tried as to Caliber's statement #4,  Plaintiffs state this this statement is irrelevant to the issue presented, as it does not address the remaining triable issues related to the purported interest of Freddie Mac. Plaintiffs' again point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest of Freddie Mac in a *"loan" secured by Plaintiffs' Note and Mortgage*, or precisely how Freddie Mac "underwrote the Note given to Plaintiffs by Bank of America", see Caliber responses to Plaintiffs Interrogatories at #3, #5,  at Exhibit A of Plaintiffs' Motion under R. 56(d).  Such failure to provide said answers to Plaintiffs' material relevant discovery requests, which were carefully tailored to lead to crucial discoverable information, leaves remaining triable issues related to this interrogatory, and or foundational basis for Plaintiffs' companion Motion under Fed. R. Civ. P., R. 56(d).

5.      Caliber has been in possession of the original Note since before the non Judicial foreclosure proceedings were commenced on October 21, 2014.  Id. at ¶ 6, Ex. 4. The Note is endorsed in blank, and the endorsement is subscribed to by Christina M. Schmitt, Assistant Vice President of BoA.  Id.

Plaintiffs' Response No. 5 With specific regard to the Genuine Issue to Be tried as to Caliber's statement #5, Plaintiffs state this this statement is irrelevant to the remaining trial

Case 1:15-cv-10146-ADB   Document 59   Filed 11/16/15   Page 5 of 8


issues presented, as it does not address the remaining triable issues related to the purported interest of Freddie Mac. Plaintiffs' again point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest of Freddie Mac in a ***"loan" secured by Plaintiffs' Note and Mortgage***, or precisely how Freddie Mac "underwrote the Note given to Plaintiffs by Bank of America", see Caliber responses to Plaintiffs Interrogatories at #3, #5, at Exhibit A of Plaintiffs' Motion under R. 56(d). Such failure to provide said answers to Plaintiffs' material relevant discovery requests, which were carefully tailored to lead to crucial discoverable information, leaves remaining triable issues related to this interrogatory, and or foundational basis for Plaintiffs' companion Motion under Fed. R. Civ. P., R. 56(d).

6.       After Borrower failed to make the required monthly payments due under the Note and Mortgage, Caliber initiated a non-judicial foreclosure pursuant to Massachusetts General Laws ch. 244, § 14 (the "Foreclosure") by forwarding to Borrower a Notice of Intent to Foreclose Mortgage dated October 21, 2014 (the "Notice") See Plaintiffs' Verified Complaint dated December 30, 2014 ("Compl.") ¶ 39 and Ex. G; <u>see</u> <u>also</u> Documents 1 (Notice of Removal) and (State Court Record).

Plaintiffs' Response No. 6 With specific regard to the Genuine Issue to Be tried as to Caliber's statement #6,  Plaintiffs state this this statement is immaterial to the remaining triable issues presented, as it does not address the statutory requirements to utilize the statutory remedy under G.L. c. 244 §14. The remaining triable issues are related to the purported interest of Freddie Mac. Plaintiffs' again point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest of Freddie Mac in a "loan" purportedly ***secured by Plaintiffs' Note and Mortgage***, or precisely how Freddie Mac "underwrote the Note given to Plaintiffs by Bank of America", see Caliber responses to Plaintiffs Interrogatories at #3, #5,  at Exhibit A of Plaintiffs' Motion under R. 56(d).  Such failure to provide said answers to Plaintiffs' material relevant discovery requests, which were carefully tailored to lead to crucial discoverable information related to Caliber's purported claim to enforce the power of sale in

Plaintiffs' mortgage under G.L. c. 244, §14, leaves remaining triable issues related to this interrogatory, and or foundational basis for Plaintiffs' companion Motion under Fed. R. Civ. P., R. 56(d).

      7.      In response to the Notice, Borrower attempted to transfer title to the Property to co-plaintiff, Gerald Kelly ("Kelly"), by quit claim deed dated November 4, 2014, for the consideration of less than $100.00.  Borrower's quit claim deed was recorded with the Suffolk County Registry of Deeds on November 6, 2014.  Compl. ¶ 38 and Ex. H.

      <u>Plaintiffs' Response to No. 7</u> – Denied as to the term "attempted" transfer of title to the Property to Plaintiff Gerald Kelly, as referenced by the Quit Claim Deed recorded upon said title. Additionally, with specific regard to the Genuine Issue to Be tried as to Caliber's statement #7, Plaintiffs state this this statement is immaterial to the remaining triable issues presented, as it does not address the purported interest of Freddie Mac. Plaintiffs' again point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest of Freddie Mac in a "loan" purportedly ***<u>secured by Plaintiffs' Note and Mortgage</u>***, or precisely how Freddie Mac "underwrote the Note given to Plaintiffs by Bank of America", see Caliber responses to Plaintiffs Interrogatories at #3, #5, at Exhibit A of Plaintiffs' Motion under R. 56(d). Such failure to provide said answers to Plaintiffs' material relevant discovery requests, which were carefully tailored to lead to crucial discoverable information related to Caliber's purported claim to enforce the power of sale in Plaintiffs' mortgage under G.L. c. 244, §14, leaves remaining triable issues related to this interrogatory, and or foundational basis for Plaintiffs' companion Motion under Fed. R. Civ. P., R. 56(d).

      8.  On November 14, 2014, Borrower filed for Chapter 13 bankruptcy under the U.S. Bankruptcy Code (the "Bankruptcy Case").  <u>See</u> <u>In re Omolara Olabode,</u> United States Bankruptcy Court for the District of Massachusetts, Case No. 14-15322l; <u>see also</u> Document 1 at Ex. E. Borrower listed the Mortgage and Note on Schedule A of Real Property, where she claimed to be the debtor eligible for discharge under the Mortgage and Note.  <u>Id.</u>    Borrower represented to the Bankruptcy Court that she still held title to the Property as of November 14, 2014. <u>Id.</u> On December 4, 2014, the Bankruptcy Case was

dismissed because Borrower failed to file documents timely with the Bankruptcy Court.  Id.

Plaintiffs' Response to No. 8– With specific regard to the Genuine Issue to Be tried as to Caliber's statement #8,  Plaintiffs state this this statement is immaterial to the remaining triable issues presented, as it does not address the purported interest of Freddie Mac. Plaintiffs' again point to the fact that Caliber has not provided answers to Plaintiffs' discovery as to the purported interest of Freddie Mac in a "loan" purportedly ***secured by Plaintiffs' Note and Mortgage***, or precisely how Freddie Mac "underwrote the Note given to Plaintiffs by Bank of America", see Caliber responses to Plaintiffs Interrogatories at #3, #5,  at Exhibit A of Plaintiffs' Motion under R. 56(d). Such failure to provide said answers to Plaintiffs' material relevant discovery requests, which were carefully tailored to lead to crucial discoverable information related to Caliber's purported claim to enforce the power of sale in Plaintiffs' mortgage under G.L. c. 244, §14, leaves remaining triable issues related to this interrogatory, and or foundational basis for Plaintiffs' companion Motion under Fed. R. Civ. P., R. 56(d).

9.    Borrower and Kelly then commenced an action in the Superior Court for the Commonwealth of Massachusetts, County of Suffolk, by their Verified Complaint dated December 30, 2014, and this action was removed to this Court by notice of removal filed January 21, 2015.  Document 1.

Plaintiffs' Response No. 9: Admitted

Respectfully submitted,
Plaintiffs
By their Attorney,

/s/ Glenn F. Russell,Jr.
Glenn F. Russell, Jr
BBO# 656914
Glenn F. Russell, Jr.,
& Associates, P.C.
38 Rock Street, Suite #12
Dated:       November 16, 2015       Fall River, MA 02720
Phone: (508) 324-4545

## **CERTIFICATE OF SERVICE**

I, Glenn F. Russell, Jr., hereby certify that on November 16, 2015, I served a true copy of the foregoing Opposition, by way of the ECF/CM System, on the Defendant's attorney, listed below.

/s/ Glenn F. Russell, Jr.

Glenn F. Russell, Jr

Thomas J. O'Neil
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103