UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMOLARE R. OLABODE<br>GERALD KELLY,<br><br>    Plaintiffs,<br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 15-cv-10146 |

## OBJECTION TO PLAINTIFFS' MOTION TO STAY RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUPPLMENT FILED OPPOSITION

Caliber Home Loans, Inc. ("Caliber") hereby objects to the motion pursuant to Fed. R. Civ. P. 56(d) by plaintiffs Omolare R. Olabode ("Borrower" or "Olabode") and Gerald Kelly (collectively, "Plaintiffs") to stay their response to Caliber's motion for summary judgment or, in the alternative, to supplement their filed opposition (Document 57; Plaintiffs' "Motion"). Plaintiffs have failed to carry their burden on their Motion because they cannot demonstrate that the additional discovery they seek is related to the **legal** issue in this case, which is whether Caliber has standing to foreclose the Borrower's Note and Mortgage.[1] Plaintiffs have also failed to show good cause as to why they did not exhaust all available avenues for discovery prior to the September 25, 2015 deadline for completion of discovery set by the Court. Accordingly, Plaintiffs' Motion should be denied.

In order to be entitled to relief under Fed. R. Civ. P. 56(d), a movant must demonstrate "*good cause* for the failure to have discovered the facts sooner . . . set forth a plausible basis for

---

[1] Unless otherwise set forth herein, all terms are as defined in Caliber's Memorandum of Law in Support of its Motion for Summary Judgment dated October 23, 2015. See Document 54.

93010414.2

believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and . . . indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir. Mass. 1994) (emphasis added). A movant must also demonstrate "due diligence . . . in pursuing discovery before the summary judgment initiative surfaces." Id.

A motion pursuant to Fed. R. Civ. P. 56(d) is properly denied where the party seeking to extend discovery fails to identify material evidence related to a genuine issue of material fact that it is likely to uncover with additional discovery. C.B. Trucking v. Waste Mgmt., 137 F.3d 41, 45 (1st Cir. Mass. 1998). Furthermore, "speculative assertions . . . coupled with conclusory statements" that discovery should be extended are insufficient to satisfy a plaintiff's burden under Fed R. Civ. P. 56(d). Id. (citing Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir. 1988).

The Court acknowledged in its July 8, 2015 order denying Caliber's motion to dismiss that "Plaintiffs' Complaint is hanging on by a thin thread — namely, the allegation that Caliber is not the legal holder of the Note." Document 43 at 10. The Court ordered that Plaintiffs could engage in limited discovery with respect to this claim prior to September 25, 2015, which the Court restricted to initial disclosures,[2] no more than ten interrogatories by Plaintiffs to be served on Caliber, and a deposition by Plaintiffs of a representative from Caliber pursuant to Fed. R. Civ. P. 30(b)(6). Document 43 at 10.

Plaintiffs sought to substantiate their claim by serving interrogatories on September 8, 2015 seeking information regarding the involvement of the Federal Home Loan Mortgage

---

[2] The parties exchanged initial disclosures on or about July 17, 2015.

Corporation ("Freddie Mac") in the origination of the Borrower's Note and Mortgage. Caliber responded on October 7, 2015 by serving objections and responses to Plaintiffs' interrogatories, which were certified by a Default Servicing Officer of Caliber. Therein, Caliber responded to Plaintiffs' interrogatories.[3]

On or about October 22, 2015, counsel for the parties had a telephone conference during which Plaintiffs' counsel attempted to clarify and narrow Plaintiffs' third, fourth and fifth interrogatories. Caliber served certified supplemental responses to these three interrogatories on November 16, 2015. Caliber's supplemental responses to Plaintiffs' third and fourth interrogatories confirmed what Plaintiffs had previously been advised — that Caliber was not involved in the origination of the Note and Mortgage, which took place eight (8) years before the Mortgage was assigned to Caliber (then known as Vericrest), and that Caliber was not involved in Freddie Mac's underwriting of the Borrower's Note.

Caliber's supplemental response to Plaintiffs' fifth interrogatory, which sought a definition of Freddie Mac's role as an "investor" in the origination of the Borrower's Note and Mortgage in 2005, referred Plaintiffs to Volume 1 of the Federal Home Loan Mortgage Corporation's Single-Family Seller/Servicer Guide (the "Guide") — which comprehensively describes Freddie Mac's role in loan origination in detail.[4]

---

[3] A number of Plaintiffs' interrogatories were nearly unintelligible. For example, Plaintiffs' third interrogatory provided: "Please identify the specific individual purported transaction, that purported to transfer the right to enforce the Plaintiffs' promissory note and mortgage to Federal Home Mortgage Loan as 'Investor', and/or Defendant, so that it is the current legal 'owner' of the same, and/or principal that Defendant could purportedly act as 'authorized agent' for."

[4] In their Opposition to Caliber's Motion for Summary Judgment (Document 58 at 11) Plaintiffs argue that summary judgment must be denied because the Guide is not available until 2016. This is not true. The official electronic version of the Guide is readily available on the internet, and Freddie Mac offers access to the Guide and additional information on its website. See The Guide and Forms, http://www.freddiemac.com/singlefamily/guide/ (follow link to AllRegs under "Access to the Guide").

By this Motion, which essentially seeks to further delay this matter, it appears that Plaintiffs are disappointed that Caliber's responses cannot support their theory that someone else must be the actual holder of the Borrower's Note and Mortgage. However, the truth is that the evidence does not support Plaintiffs' claim. What is missing from Plaintiffs' present Motion is any indication as to how further discovery related to Freddie Mac's role in the origination of the Note and Mortgage could affect Caliber's standing to foreclose.

It is black letter law in Massachusetts that a holder and assignee of a note and mortgage has standing to foreclose. <u>Eaton v. Federal Nat'l Mortg. Ass'n</u>, 462 Mass. 569, 584 (2012). As the evidence submitted by Caliber in support of its pending Motion for Summary Judgment conclusively establishes, Caliber is both the holder of Borrower's Note and the record assignee of the Mortgage. Therefore, the Court should not indulge Plaintiffs' request to prolong discovery in this case so that they may conduct additional discovery related to the origination of the Borrower's Note — discovery that would have no bearing on the ultimate issue in this case.

Furthermore, Plaintiffs' belief, no matter how firmly held, that "there is/are purported underlying transaction(s), between Freddie Mac and [BoA] as the Plaintiff's original 'lender', and/or other undisclosed entity(s), which plausibly impacts Plaintiffs' challenge to Caliber's current claim of title"[5] is exactly the kind of speculative assertion "coupled with conclusory statements" that is insufficient to satisfy Plaintiffs' burden to demonstrate that such facts are material to the outcome of Caliber's pending motion for summary judgment. <u>C.B. Trucking</u>, 137 F.3d at 45; <u>Resolution Trust Corp.</u>, 22 F.3d at 1203.

Additionally, Plaintiffs have failed to carry their burden to demonstrate good cause for not having sought this discovery sooner. <u>Resolution Trust Corp.</u>, 22 F.3d at 1203. In fact,

---

[5] Plaintiffs' Motion (Docket 57 at 7).

93010414.2

-4-

Plaintiffs failed to notice a deposition of a representative of Caliber as provided in the Court's July 8, 2015 order. Plaintiffs should not be permitted to forestall a disposition of this action because they failed to exhaust discovery, which this Court afforded to them months ago, prior to their deadline to oppose Caliber's motion for summary judgment.

The facts here are uncontroverted — Caliber, as the holder and assignee of the Note and Mortgage has standing to foreclose. Nothing in the discovery sought by Plaintiffs can reasonably be expected to create a genuine issue of material fact for trial. The record is clear and Caliber's motion for summary judgment should be decided without delay.

For the foregoing reasons, the Court should deny Plaintiffs' motion to stay their response to Caliber's motion for summary judgment or, in the alternative, to supplement their filed opposition. As a result, the Court should grant Caliber's motion for summary judgment.

Respectfully submitted,

**CALIBER HOME LOANS, INC.**

By its attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel. (860) 275-0650
tjoneill@daypitney.com

Dated: November 25, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on November 25, 2015.

/s/ Thomas J. O'Neill
Thomas J. O'Neill

93010414.2