UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMOLARE R. OLABODE<br>GERALD KELLY,<br><br>            Plaintiffs,<br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 15-cv-10146<br>)<br>)<br>)<br>)<br>) |

**REPLY TO PLAINTIFFS' OPPOSITION TO CALIBER HOME LOANS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Caliber Home Loans, Inc. ("Caliber") respectfully replies to Plaintiffs' Opposition to Caliber's Motion for Summary Judgment as follows:

Plaintiffs' complaint is based on the underlying claim that Caliber does not have standing to foreclose on the subject mortgage. According to Eaton v. Fed. Nat'l Mortgage Ass'n, 462 Mass. 569, 571 (2012), the relevant and material inquiry is whether the foreclosing party has standing to foreclose as the mortgagee. The Massachusetts Supreme Judicial Court clarified any alleged ambiguity surrounding the identity of the party authorized to foreclose under Massachusetts law by defining "mortgagee" as "an entity then *holding the mortgage* and also either *holding the mortgage note* or acting on behalf of the note holder." Eaton, 462 Mass. at 571 (emphasis added). Thus, the relevant inquiry is whether Caliber is the "holder" of the Note and Mortgage.[1]

This inquiry has been clouded and confused in this case by the use of the word "owner"

---

[1] Unless otherwise set forth herein, all terms are as defined in Caliber's Memorandum of Law in Support of its Motion for Summary Judgment dated October 23, 2015, and all paragraph references are to Caliber's Statement of Undisputed Material Facts made pursuant to Local R. Civ. P. 56.1. See Documents 54 and 55.

and Plaintiffs' repeated claim that there must be a third party with an interest in the Note and Mortgage that somehow strips Caliber of its status as a holder of the Note and Mortgage. This claim is simply incorrect. The fact that a third party may have rights to the proceeds from the sale of the property or may take title if there are no purchasers at a foreclosure sale does not magically deprive Caliber of its standing to foreclose. The holder of a note and mortgage does not lose standing simply because there may be an underlying agreement or interest that obligates the mortgagee to pay the proceeds from a foreclosure sale or transfer title to a third party after the foreclosure.

Here, Plaintiffs have not submitted any evidence to dispute the fact that the BoA assigned the Mortgage to Vericrest on December 21, 2012, through the duly recorded Assignment, or that Caliber became the assignee of the Mortgage when Vericrest changed its name to Caliber after the Assignment. Thus, it is undisputed that Caliber is the holder of the Mortgage with the right to enforce it under Massachusetts law and pursuant to the holding of Eaton.

Moreover, Plaintiffs have not submitted any evidence to dispute the fact that the original Note is endorsed in blank and, therefore, is payable to bearer. As a bearer instrument, the person or entity with possession is the holder of the instrument. See Whitehead v. HMC Assets, LLC, 2014 U.S. Dist. LEXIS 144369, at *14-15 (D. Mass. Oct. 10, 2014); Courtney v. United States Bank, N.A., 922 F. Supp. 2d 171, 174 (D. Mass. 2013); Woods v. Wells Fargo Bank, N.A., 875 F. Supp. 2d 85, 88 (D. Mass. 2012). Caliber has been in possession of the Note at all relevant times and is the holder of the Note. ¶¶ 2, 5. Its interest in the Note is further supported and evidenced by the express terms of the Assignment. According to the Assignment, BoA assigned and transferred to Caliber "[a]ll its interest under the certain Mortgage dated 10/14/05,

executed by Omolara Olabode . . . [t]ogether with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage." ¶ 3. Thus, by virtue of Caliber's possession of the Note and the express language of the Assignment, Caliber is the holder of the Note with the right to enforce it.

Rather than present any evidence to dispute the fact that Caliber is the holder of the Note and Mortgage, Plaintiffs attempt to confuse the relevant inquiry by focusing on words such as "owner," "investor," "loan" and "underwriter." Unfortunately for Plaintiffs, these smoke screens do not relate to genuine issues of <u>material</u> fact and do not change Caliber's standing to foreclose as the holder of both the Note and Mortgage.

## I. CONCLUSION

For the foregoing reasons, there is no genuine issue of material fact relating to Caliber's standing to foreclose and, therefore, the Court should grant its motion for summary judgment.

Respectfully submitted,

**CALIBER HOME LOANS, INC.**

By its attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel. (860) 275-0650
tjoneill@daypitney.com

Dated: November 25, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on November 25, 2015.

/s/ Thomas J. O'Neill
Thomas J. O'Neill

93014040