**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OMOLARE R. OLABODE ) | |
| GERALD KELLY, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO. 15-cv-10146 |
| ) | |
| CALIBER HOME LOANS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NOTICE OF SUPPLEMENTAL MEMORANDUM OF LAW ON**
**BEHALF OF CALIBER HOME LOANS, INC.**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Caliber Home Loans, Inc. ("Caliber") hereby submits this Supplemental Memorandum of Law in support of its Motion for Summary Judgment dated October 23, 2015, to address the recent holding by the Massachusetts Appellate Court in Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824 (Jan. 12, 2016), which further clarifies that Caliber has standing to foreclose as the holder of the subject Note and Mortgage.

In Khalsa, the Massachusetts Appellate Court examined whether the foreclosure by Sovereign Bank, N.A. ("Sovereign") was valid, given that Sovereign was not the holder of the note, but was acting solely as the servicer for Federal Home Loan Mortgage Corporation ("Freddie Mac"), which had purchased and was in possession of the note endorsed in blank. Id. at 864. As pointed out by the Massachusetts Appellate Court, when a note is endorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially endorsed. Id. (citing G.L. c. 106, § 3-205(b)). As explained by the court, where the mortgage holder and note holder are not the same, the mortgage holder must demonstrate that it was authorized to act as the note holder's agent. Id. at 866. As a result,

because Sovereign was only the mortgage holder, it was required to show that it had authority to act for the note holder and, therefore, the relationship between the mortgage holder and the third party having an interest in the note was relevant to the issue of standing.  Id.

In contrast, here, the holder of the Mortgage and Note are the same entity.  It is undisputed that Caliber is the holder of the Mortgage as the assignee pursuant to the Assignment of Mortgage recorded on the land records.[1]  It is also undisputed that Caliber is the holder of the Note because it is in possession of an instrument endorsed in blank.[2]

That ends the standing analysis.  Any reference to Freddie Mac or some third party investor is simply irrelevant, and cannot magically remove Caliber of its standing to foreclose as set forth in Eaton v. Federal Nat'l Mortg. Ass'n, 462 Mass. 569, 584 (2012) (holding that a holder and assignee of a note and mortgage has standing to foreclose).  Thus, as the holder of the Note and Mortgage, Caliber is entitled to judgment as a matter of law.

For the foregoing reasons, and the reasons set forth in Caliber's Memorandum of Law and Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, dated October 23, 2015, and Caliber's Reply to Plaintiffs' Opposition to Caliber's Motion for Summary Judgment, dated November 25, 2015, the Court should grant Caliber's Motion for Summary Judgment.

---

[1] Caliber's Statement of Undisputed Material Facts in Supp. of Its Mot. For Summ. J. (Docket 55 at 1).
[2] Id. at 2.

-3-

Respectfully submitted,

**CALIBER HOME LOANS, INC.**

By its attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.   (860) 275-0650
tjoneill@daypitney.com

Dated:  March 18, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on March 18, 2016.

/s/ Thomas J. O'Neill
Thomas J. O'Neill