UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMOLARE R. OLABODE<br>GERALD KELLY,<br><br>        Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 15-cv-10146<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SUPPLEMENTAL OPPOSITION ON BEHALF OF
CALIBER HOME LOANS, INC.
TO PLAINTIFFS' MOTION FOR EXTENSION OF
TIME TO COMPLETE DISCOVERY UNDER RULE 56(d)**

  Caliber Home Loans, Inc. ("Caliber") hereby submits this Supplemental Opposition to the Motion for Extension of Time to Complete Discovery pursuant to Fed. R. Civ. P. 56(d) (the "Motion") filed by plaintiffs Omolare R. Olabode ("Borrower" or "Olabode") and Gerald Kelly (collectively, "Plaintiffs") (Document 57). Caliber respectfully requests that the Court consider the recent decision from the Massachusetts Appellate Court, Khalsa v. Sovereign Bank, N.A., 88 Mass. App. Ct. 824 (Jan. 12, 2016), in its evaluation of the pending Motion. The decision is relevant to this proceeding and, in particular, the Court's consideration of the Plaintiffs' repeated attempt to delay this matter by claiming that they need discovery relating to a third party's alleged interest in the subject Note and Mortgage. As shown by the Khalsa decision, Plaintiffs' arguments are misplaced and have no relevance to Caliber's standing to foreclose as the holder of the Note and Mortgage.

  In Khalsa, the Massachusetts Appellate Court examined whether the foreclosure by Sovereign Bank, N.A. ("Sovereign") was valid, given that Sovereign was not the holder of the

note, but was acting solely as the servicer for Federal Home Loan Mortgage Corporation ("Freddie Mac"), which had purchased and was in possession of the note endorsed in blank. Id. at 864. As pointed out by the Massachusetts Appellate Court, when a note is endorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially endorsed. Id. (citing G.L. c. 106, § 3-205(b)). As explained by the court, where the mortgage holder and note holder are not the same, however, the mortgage holder must demonstrate that it was authorized to act as the note holder's agent. Id. at 866. As a result, because Sovereign was only the mortgage holder, it was required to show that it had authority to act for the note holder and, therefore, the relationship between Sovereign and Freddie Mac was relevant to the issue of standing. Id.

In contrast, here, the holder of the Mortgage and Note are the same entity. It is undisputed that Caliber is holder of the Mortgage as the assignee pursuant to the Assignment of Mortgage recorded on the land records.[1] Moreover, it is undisputed that Caliber is the holder of the Note because it is in possession of an instrument that has been endorsed in blank.[2]

The analysis ends there and there is no need for discovery regarding either the role of Freddie Mac or whether Caliber had authority to act for the note holder. It is the note holder. Any discovery relating to Freddie Mac is immaterial to the standing analysis set forth in Eaton v. Federal Nat'l Mortg. Ass'n, 462 Mass. 569, 584 (2012) (holding that a holder and assignee of a note and mortgage has standing to foreclose). Therefore, the Court should not indulge Plaintiffs' request to prolong the disposition of the Motion for Summary Judgment so that they may conduct additional discovery related to the origination of the Note -- discovery that would

---

[1] Caliber's Statement of Undisputed Material Facts in Supp. of Its Mot. for Summ. J. (Docket 55 at 1).
[2] Id. at 2.

have no bearing on the ultimate issue in this case.  Plaintiffs' belief, no matter how firmly held, that "there is/are purported underlying transaction(s), between Freddie Mac and [BoA] as the Plaintiff's original 'lender', and/or other undisclosed entity(s), which plausibly impacts Plaintiffs' challenge to Caliber's current claim of title"[3] is exactly the kind of immaterial and speculative assertions that do not support a motion pursuant to Rule 56(d).  See <u>C.B. Trucking v. Waste Mgmt.</u>, 137 F.3d 41, 45 (1st Cir. Mass. 1998) (motion is properly denied where the party seeking to extend discovery fails to identify material evidence related to a genuine issue of material fact that it is likely to uncover with additional discovery and "speculative assertions . . . coupled with conclusory statements" that discovery should be extended are insufficient to satisfy a plaintiff's burden under Fed R. Civ. P. 56(d)).

For the foregoing reasons, the Court should deny Plaintiffs' Motion to stay their response to Caliber's Motion for Summary Judgment or, in the alternative, to supplement their opposition, and the Court should grant Caliber's Motion for Summary Judgment.

    Respectfully submitted,

**CALIBER HOME LOANS, INC.**

By its attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.  (860) 275-0650
tjoneill@daypitney.com

Dated:  March 18, 2016

---

[3] Plaintiffs' Motion (Docket 57 at 7).

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on March 18, 2016.

                                                 /s/ Thomas J. O'Neill
                                                 Thomas J. O'Neill