UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OMOLARE R. OLABODE and | * | |
| GERALD KELLY, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10146-ADB |
| | * | |
| CALIBER HOME LOANS, INC., | * | |
| | * | |
| Defendants. | * | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BURROUGHS, D.J.

Plaintiffs Omolare R. Olabode and Gerald Kelly ("Plaintiffs") challenge an attempted mortgage foreclosure on a residence in Dorchester, Massachusetts (the "Property"). Plaintiffs originally filed their Complaint in the Massachusetts Superior Court for Suffolk County. Defendant, Caliber Home Loans, Inc. ("Caliber") removed the action to this Court on January 21, 2015, based on diversity jurisdiction. See 28 U.S.C. § 1332. Presently before the Court is Caliber's Motion for Summary Judgment [ECF No. 53]. For the reasons that follow, Caliber's Motion is ALLOWED, and judgment shall enter for the Defendant.

## I.   BACKGROUND

On December 31, 2014, Plaintiffs filed their Complaint in Suffolk Superior Court, see State Court Record [ECF No. 11], pp. 3-83 ("Compl."), seeking a declaratory judgment that Caliber lacks standing to foreclose on the Property pursuant to Mass. Gen. Laws c. 244, § 14.[1]

---

[1] Massachusetts General Laws Chapter 244, Section 14 governs the foreclosure by the exercise of the power of sale. Mass. Gen. Laws c. 244, § 14; see Eaton v. Federal Nat'l Mortg. Ass'n, 462 Mass. 569, 581 (2012). The statute provides that the "mortgagee" may, "upon breach of condition and without action, perform all acts authorized or required by the power of sale," assuming that notice is given and other conditions are satisfied. Mass. Gen. Laws c. 244, § 14.

More specifically, Plaintiffs allege that Caliber has failed to establish that it is a "mortgagee" as the term is used in § 14. Compl. ¶ 57. In Eaton v. Federal National Mortgage Association, the Massachusetts Supreme Judicial Court held that to qualify as a "mortgagee" for purposes of a Section 14 foreclosure, the foreclosing entity must be both (1) the mortgagee of record, and (2) the holder of the underlying promissory note (or the note holder's authorized agent). 462 Mass. 569, 584 (2012). Here, Plaintiffs claim that while Caliber may be the servicer on the loan, Caliber is not the current note holder.

In support of this contention, Plaintiffs attached to their Complaint an "Affidavit Regarding Note Secured by a Mortgage to Be Foreclosed," dated April 10th, 2014, which Caliber recorded with the Suffolk County Registry of Deeds prior to its attempted foreclosure on the Property. See Compl. Ex. E. ("McClelland Affidavit"). In the Affidavit, a Caliber Default Service Officer named Daniel McClelland certified that Caliber was "the authorized *agent* of the holder" of the promissory note secured by the mortgage to be foreclosed. Id. (emphasis added). Notably, McClelland did not select the other box on the form, which gave the option of certifying that Caliber was the "*holder* of the promissory note secured by the above mortgage." See id. (emphasis added).[2]

---

[2] The McClelland Affidavit appears to have been made in an effort to demonstrate compliance with Eaton, as set forth in Mass. Gen. Laws c. 244, § 35C. Section 35C states that "[a] creditor shall not cause publication of notice of foreclosure ... when the creditor knows that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder . . . ." G.L. c. 244, § 35C(b). The statute further provides that "[p]rior to publishing a notice of a foreclosure sale . . . the creditor . . . shall certify compliance with this subsection in an affidavit based upon a review of the creditor's business records." Id. The form affidavit executed by McClelland provided two possible options, and instructed the affiant to "Check One." Option 1 stated that "[o]n this date the Foreclosing entity is the **holder of the promissory note** secured by the above mortgage." McClelland Aff. (emphasis in original). Option 2, in contrast, stated that "[o]n this date the Foreclosing Entity is the **authorized agent of the holder of said promissory note,** for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder." Id. (emphasis in original). McClelland checked the box indicating that Caliber was the "authorized agent of the holder" of the promissory note.

Shortly after the Complaint was filed, Caliber removed the action to federal District Court and filed a Motion to Dismiss for failure to state a claim on which relief may be granted. [ECF No. 12]. Caliber argued that the factual basis for Plaintiffs' claims (*i.e.*, that Caliber is not the current note holder) was negated by the documents attached to Plaintiffs' Complaint. Those documents, Caliber argued, demonstrated that both the Note and the Mortgage had been validly assigned to Vericrest Financial, Inc., which later changed its name to Caliber.

Plaintiffs filed an Opposition to Caliber's Motion to Dismiss [ECF No. 15], and the Court scheduled the Motion for a hearing. Prior to the hearing, the Court notified the parties that it would consider converting Caliber's Motion to Dismiss into a Motion for Summary Judgment. The Court invited the parties to submit supplemental materials and ordered Caliber to produce the original Note for inspection at the time of the hearing. [ECF No. 27].

In advance of the hearing, Caliber filed an Affidavit of Jesse Mendez, another Caliber Default Servicing Officer, in further support of Caliber's Motion to Dismiss. See [ECF No. 32] ("Mendez Aff."). The Mendez Affidavit asserted, *inter alia*, that Caliber is both the owner and the holder of the underlying promissory note, as well as the mortgagee of record. Id. ¶¶ 5-6. Mendez further explained that "Caliber is in the business of both owning and servicing mortgage loans," but that in this particular case, Caliber is the holder, owner, and servicer of the Note in question. Id. ¶ 7.

At the hearing on May 14, 2015, Caliber produced the original Note. See Transcript of Proceedings, ECF No. 38 pp. 29-33. After reviewing the Note, Plaintiffs' counsel pointed out that although the Note was accompanied by two "Allonges," the first of which purported to indorse the Note to Vericrest, and the second of which purported to indorse the note in blank, the

Allonges were not firmly "affixed" to the original Note, as required by Mass. Gen. Laws c. 106, § 3-204(a). Plaintiffs' counsel suggested that the failure to affix the Allonges could compromise their enforceability. Id. pp. 16-17.

Also at the hearing, counsel for Caliber represented that, to the best of his knowledge, there was no other entity or third party with an ownership interest in the promissory note or mortgage in question. Id. p. 24. Several days later, however, Caliber's counsel filed a letter with the Court clarifying his prior statement [ECF No. 37]. Counsel explained that after making further inquiries, he learned that the Federal Home Loan Mortgage Corporation ("Freddie Mac") was the "investor" on the loan secured by the mortgage in this case. Id. Counsel further advised that, as the investor, Freddie Mac "may (but will not necessarily) take ownership of the property after the subject property has been sold at a foreclosure sale." Id.. In his letter, counsel for Caliber argued that this fact "does not change the legal issue or analysis before the Court," because Freddie Mac's "eventual ownership of the property is distinct from the current ownership of the Note and Mortgage." Id.

In an Order dated July 8, 2015, the Court denied Caliber's Motion to Dismiss. [ECF No. 43]. Although the Court acknowledged that the alleged facts supporting Plaintiffs' theory were "exceedingly thin," Plaintiffs had plausibly alleged that Caliber was not the "mortgagee" and therefore not entitled to foreclose under Mass. Gen. Laws c. 244, § 14. The Court further declined to convert Caliber's Motion to Dismiss into a motion for summary judgment, in light of lingering ambiguities created by (1) the McClelland Affidavit, (2) the Note's Allonges; and (3) Caliber's counsel's reference to Freddie Mac as a third party "investor."

The Court further held that while Plaintiffs were entitled to conduct some discovery on these issues, the Court was "not inclined to allow broad discovery." Id. Thus, the Court set an

abbreviated discovery schedule, which was aimed at determining whether or not Caliber was indeed the current mortgagee and note holder for purposes of Mass. Gen. Laws, c. 244, § 14. Id. The Scheduling Order required the parties to exchange initial disclosures; permitted Plaintiffs to serve up to ten (10) interrogatories; and further allowed Plaintiffs to take Caliber's deposition pursuant to Fed. R. Civ. P. 30(b)(6). The Court ordered that "[a]ll discovery shall be completed by September 25, 2015, and no additional discovery will be permitted without leave of court." Id. The Court also set a deadline for filing summary judgment motions, which was later extended to October 23, 2015. See id.; see also [ECF No. 51].

Although the Court issued the Scheduling Order on July 8, 2015, Plaintiffs waited two full months to pursue any discovery. They finally served interrogatories on Caliber on September 8, 2015. [ECF No. 57-1]. On October 7, 2015, Caliber responded to Plaintiffs' interrogatories with objections and responses. See id.  Plaintiffs did not immediately respond.

On October 22, 2015, Caliber's counsel contacted Plaintiffs' counsel in an attempt to confer and "narrow the issues" that Caliber intended to raise in its summary judgment motion, which was due to be filed the next day. See Declaration of Glen F. Russell, Jr. [ECF No. 57-4] ("Russell Decl."), ¶ 11. Plaintiffs' counsel responded, asserting – for the first time – that several of Caliber's interrogatory responses were deficient. See id. The following day, counsel conferred by telephone in an attempt to clarify some of Caliber's interrogatory responses. Id. ¶ 13. On November 16, 2015, Caliber served supplemental responses to certain interrogatories. Id. ¶ 14.

Although Plaintiffs now complain that Caliber's interrogatory responses are still deficient, Plaintiffs never filed a motion to compel. Further, Plaintiffs did not attempt to notice a deposition of Caliber's corporate representative, as permitted by the Court's July 8, 2015 Order.

In accordance with the scheduling deadlines, Caliber filed its Motion for Summary Judgment on October 23, 2016, along with a Memorandum in Support, a Statement of Undisputed Material Facts pursuant to Local Rule 56.1, and an Affidavit. [ECF Nos. 53, 54, 55, 56]. On November 16, 2015, Plaintiffs filed a Motion for Extension of Time to Complete Discovery, pursuant to Fed. R. Civ. P. 56(d). [ECF No. 57]. Plaintiffs argue that the "extremely truncated discovery timeline" set by the Court, coupled with Caliber's "vague and evasive" interrogatory responses, resulted in Plaintiffs being unable to timely respond to Caliber's Motion for Summary Judgment. In the alternative, Plaintiffs filed an Opposition to Caliber's Motion for Summary Judgment. [ECF No. 58], along with a Statement of Material Facts as to which there exists a genuine issue to be tried. [ECF No. 59].

## II.     PLAINTIFFS' RULE 56(d) MOTION FOR EXTENSION OF TIME

After a party moves for summary judgment, Federal Rule of Civil Procedure 56(d) allows the non-moving party to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P 56(d). If the non-moving party meets its burden, the court may (1) defer considering or deny the motion for summary judgment; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Id. In order to obtain a Rule 56(d) continuance, the non-moving party's motion must:

> (1) be timely; (2) be authoritative; (3) show good cause for failure to discover the relevant facts earlier; (4) establish a plausible basis for believing that the specified facts probably exist, and (5) indicate how those facts will influence the outcome of summary judgment.

Pina v. Children's Place, 740 F.3d 785, 794 (1st Cir. 2014).

Here, Plaintiffs argue that more discovery is required because some of Caliber's interrogatory responses were vague and non-responsive. Specifically, Plaintiffs assert that

6

Caliber did not adequately respond to questions regarding Freddie Mac's role in the underlying transaction, and that additional discovery is therefore needed.

Plaintiffs' argument is not persuasive, nor does it satisfy Rule 56(d)'s requirements. First, while some of Caliber's responses are undoubtedly vague, many of the interrogatories posed by Plaintiffs are nearly incomprehensible. For example, Plaintiffs' Interrogatory No. 3 states:

> Please identify the specific individual purported transaction, that purported to transfer the right to enforce the Plaintiffs' promissory note and mortgage to [Freddie Mac] as "Investor", and/or Defendant, so that it is the current legal "owner" of the same, and/or principal that Defendant could purportedly act as "authorized agent" for.

See [ECF No. 57-1]. In response, Caliber stated as follows:

> Caliber has the right to enforce Plaintiff's Note and Mortgage. [Freddie Mac] underwrote the Note for Bank of America, N.A., as the original lender. Bank of America, N.A. endorsed the Note as a bearer instrument and assigned its interest in the Note and Mortgage to Vericrest. Vericrest then changed its name to Caliber, which became the holder in possession, custody, and control of the Note.

Id. Thus, Plaintiffs no doubt bear some responsibility for the lack of clarity in Caliber's interrogatory responses.

Furthermore, although Plaintiffs contend that Caliber's vague responses impede Plaintiffs' ability to determine Freddie Mac's role in the mortgage loan transaction, Plaintiffs made only minimal efforts to explore this question during the allotted discovery period. In fact, Plaintiffs waited nearly 60 days before serving any interrogatories on Caliber. Moreover, if Plaintiffs were dissatisfied with Caliber's interrogatory responses, they could have attempted to meet and confer, and then filed a motion to compel with the Court. And if more time was needed, Plaintiffs could have filed a timely motion to extend the discovery deadlines in this case. But Plaintiffs did none of these things. Instead, they inexplicably waited until Caliber's counsel

contacted them—on the eve of the summary judgment deadline, and well after fact discovery had closed—to complain about Caliber's interrogatory responses.

The Court further notes that Plaintiffs failed to notice Caliber's Rule 30(b)(6) deposition, which the Court expressly permitted Plaintiffs to take. If Plaintiffs had further questions about Freddie Mac's role as underwriter, or any purported interest that Freddie Mac may have had in the mortgage loan transaction, these topics could have been further explored during Caliber's deposition. Plaintiffs simply chose not to notice one, but still complain that they lack sufficient information.

"Rule 56(d) 'is designed to minister to the vigilant, not to those who slumber upon perceptible rights.'" Pina, 740 F.3d at 794-95 (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 45 (1st Cir.1998)). In light of Plaintiffs' lack of diligence during discovery, their Rule 56(d) motion is DENIED. See id. at 795 (court did not abuse its discretion in denying Rule 56(d) motion, where plaintiff failed to request a single deposition within the prescribed discovery period).

### III. CALIBER'S MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is appropriate where the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Robinson v. Cook, 863 F. Supp. 2d 49, 60 (D. Mass. 2012) (quoting Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008)). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Thus, "[a] genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. (citation omitted).

By invoking summary judgment, "the moving party in effect declares that the evidence is insufficient to support the nonmoving party's case." United States v. One Parcel of Real Prop. (Great Harbor Neck, New Shoreham, R.I.), 960 F.2d 200, 204 (1st Cir. 1992) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). "To succeed in showing that there is no genuine dispute of material fact," the moving party must "'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial.'" Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4-5 (1st Cir. 2015) (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

Conversely, "to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, N.H., 303 F.3d 91, 94 (1st Cir. 2002) (internal quotations and citation omitted). That is, the non-moving party must set forth specific, material facts showing that there is a genuine disagreement as to some material fact. One Parcel of Real Prop., 960 F.2d at 204 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)).

When reviewing the record, the Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Cochran, 328 F.3d at 6 (citation omitted). The First Circuit has noted that this review "is favorable to the nonmoving party, but it does not give him a free pass to trial." Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). "The factual conflicts upon which he relies must be both genuine and material[,]" Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 396-97 (1st Cir. 2012), and the court may discount "conclusory allegations, improbable inferences, and unsupported

speculation." Cochran, 328 F.3d at 6 (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

### B. Undisputed Facts

On October 14, 2005, Olabode executed a mortgage (the "Mortgage") in favor of Bank of America, N.A. ("BoA"). See Def. Statement of Undisputed Material Facts ("Def. Facts"), ¶ 1. The Mortgage, which was recorded with the Suffolk County Registry of Deeds in Book 38288 at Page 12, secured the repayment of an October 14, 2005 promissory note that Olabode made payable to BoA in the amount of $375,000 (the "Note). Id. ¶ 2.

On December 21, 2012, BoA assigned and transferred the Mortgage to Vericrest Financial, Inc. (the "Assignment"). Id. ¶ 3. The Assignment was recorded in the Suffolk County Registry of Deeds on January 10, 2013, in Book 50800 at Page 39. Id.

On or about April 9, 2013, Vericrest filed with the Delaware Secretary of State a Certificate of Amendment of Amended and Restated Certification of Incorporation of Vericrest Financial, Inc., which had the effect of changing Vericrest's name to Caliber Home Loans, Inc. Def. Facts ¶ 4. Thus, based on the recorded Assignment and the subsequent corporate name change, Caliber is the current mortgagee of record.

On October 21, 2014, after Olabode failed to make required monthly payments due under the Note and Mortgage, Caliber initiated a non-judicial foreclosure pursuant to Mass. Gen. Laws c. 244, § 14 by forwarding to Olabode a Notice of Intent to Foreclose Mortgage. Id. ¶ 6.

Caliber was in possession of the original Note prior to commencing foreclosure proceedings. Id. ¶ 5. Caliber produced the Note and its two Allonges for inspection during the

May 14, 2015 hearing before the Court. An examination of the Note reveals as follows: the Note's signature page contains a stamped indorsement in blank, in which BoA endorsed the Note without recourse. See Compl. Ex. A. The stamped indorsement is not dated. In addition to the endorsement in blank on the Note's signature page, Caliber also produced two Allonges to the Note. In the first Allonge, which is dated October 14, 2005, BoA indorsed the Note to Vericrest Financial, Inc., without recourse. See id. In the second Allonge, which is also dated October 14, 2005, Vericrest indorsed the Note in blank, without recourse. See id. The Allonges, however, are not firmly affixed to the original Note.

On November 4, 2014, Olabode transferred title to the Property to Kelly by quitclaim deed, for consideration of less than $100. Def. Facts ¶ 7. The deed was recorded with the Suffolk County Registry of Deeds on November 6, 2014. Id. On November 14, 2014, Olabode filed for Chapter 13 bankruptcy protection. Id. ¶ 8. In her bankruptcy petition, Olabode claimed that she still held title to the Property, and listed the Mortgage and Note on Schedule A of Real Property, in which she claimed to be the debtor eligible for discharge under the Mortgage and Note. Id. The Bankruptcy Court, however, dismissed Olabode's case on December 4, 2014 for failure to file documents in a timely manner. Id.

On December 30, 2014, Olabode and Kelly commenced an action against Caliber in the Massachusetts Superior Court for Suffolk County, which Caliber later removed to this Court.

**C. Analysis**

Plaintiffs' claims in this action are premised on the notion that Caliber does not have standing to foreclose on the Mortgage under Mass. Gen. Laws. c. 244, § 14. In Eaton, the SJC interpreted the term "mortgagee" in Section 14 to mean "the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." 462

Mass. at 571. Because the undisputed facts establish that Caliber, formerly known as Vericrest, is (1) the current mortgagee of record; and (2) possesses the original Note and two Allonges, Caliber is entitled to judgment as a matter of law.

Although Plaintiffs claim that there are remaining triable issues of fact regarding "what interest Freddie Mac currently has in 'underwriting' the Note to Bank of America," they have failed to explain how Freddie Mac's underwriting the loan at origination might impact legal ownership of the Note or Mortgage. Further, merely speculating about this point is not sufficient to avoid summary judgment. See Fontanez-Nunez v. Janssen Ortho LLC, 447 F.3d 50, 54–55 (1st Cir. 2006) ("[S]ummary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation.") (internal quotations and citation omitted).

The evidence of record clearly establishes that Caliber has valid possession of the Note, and that it owns the Mortgage via the Assignment, and Plaintiffs have not presented sufficient evidence to create a trial-worthy dispute on this point. Standing alone, the discrepancy in the McClelland Affidavit (in which Caliber identified itself as the "agent" of the Note holder) does not possess sufficient evidentiary heft to withstand Caliber's Motion for Summary Judgment. Although Caliber has not fully explained why the McClelland Affidavit appears to identify Caliber as the "agent" of the note holder, as opposed to the holder of the promissory note, it has explained that Caliber is in the business of both owning and servicing mortgage loans, and that in this particular case, Caliber is the holder, owner, and servicer for the Note in question. See Mendez Aff. ¶ 7. To the extent that the McClelland Affidavit suggests otherwise, it constitutes a mere "scintilla" of evidence, which is not sufficient to permit a reasonable jury to find for the Plaintiffs. See Anderson, 477 U.S. at 249-50, 252 (noting that if the non-moving party's

evidence "is merely colorable" or "not significantly probative," "summary judgment may be granted").

Plaintiffs also argue that summary judgment is unwarranted because there are unresolved questions about the Note's purported Allonges. Plaintiffs point out that Mass. Gen. Laws c. 106, § 3-204(a) requires an indorsement to a negotiable instrument to be made on the instrument itself, or on a paper "affixed" to the instrument, and that the Allonges in this case are not affixed to the original Note.

Although there may be some lingering questions about the Allonges and why they were not affixed, those questions are ultimately immaterial to the issue in dispute – *i.e.*, whether Caliber is the current legal Note holder. If, on the one hand, the Allonges are ineffective because they are not affixed, then the original Note controls. The original Note bears a stamp in which BoA indorsed the Note in blank. An indorsement in blank renders the Note a bearer instrument. See Mass. Gen. Laws. c. 106, § 3-205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). Plaintiffs do not dispute that Caliber possesses the original Note. Thus, under this scenario, Caliber would be the legal Note holder.

If, on the other hand, the Allonges were effective, the outcome would be the same. The first Allonge specifically indorsed the Note to Vericrest (now known as Caliber). The Second Allonge indorsed the Note in blank. Because Caliber has possession of the Note, it is also the legal note holder under this scenario. See Mass. Gen. Laws c. 106, § 3-301 (defining "person entitled to enforce" an instrument to include "the holder of the instrument"). Accordingly, any remaining dispute about the Allonges is immaterial and does not prevent the entry of judgment as a matter of law. See Anderson, 477 U.S. at 247–48 ("[T]he mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for an Extension of Time to Complete Discovery [ECF No. 57] is <u>DENIED</u>, and Defendant's Motion for Summary Judgment [ECF No. 53] is <u>ALLOWED</u>. The Clerk is directed to enter Judgment for the Defendant on all counts of Plaintiffs' Complaint.

**SO ORDERED.**

Dated: August 17, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE